**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

In re:

**Chapter 11**

**XINERGY LTD.,** *et al.,*

**Case No. 15-[    ] (___)**

**(Joint Administration Requested)**

**Debtors.**[1]

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION**
**FOR ENTRY OF AN ORDER ESTABLISHING CERTAIN NOTICE, CASE**
**MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by

their undersigned counsel, file this motion (the "Motion") for entry of an order, the proposed

form of which is attached as Exhibit A (the "Order"), pursuant to section 105(a) of Title 11 of

the United States Code 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") and Rules

1015(c), 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

establishing certain notice, case management, and administrative procedures.  In support of this

---

[1]      The Debtors, along with the last four digits of each Debtor's federal tax identification number, are the
entities listed on Schedule 1 attached hereto.

HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

Motion, the Debtors rely on the Declaration of Michael R. Castle in support of the Chapter 11

Petitions and Related Motions (the "Castle Declaration").  In further support of this Motion, the

Debtors submit as follows:

### I.  Jurisdiction, Venue and Predicates for Relief

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding within the meaning of 28 U.S.C. §157 (b)(2).

2.     The predicates for the relief requested herein are section 105(a) of the Bankruptcy

Code and Bankruptcy Rules 1015(c), 2002 and 9007.

### II.  Background

3.     On the date hereof (the "Petition Date"), each of the Debtors filed with the Court

their respective voluntary petitions for relief under chapter 11 of Title 11 of the Bankruptcy

Code, commencing the above-captioned chapter 11 cases.  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

4.     No creditors' committee has been appointed in these cases.  No trustee or

examiner has been appointed.

5.     Contemporaneously herewith, the Debtors have filed a motion requesting joint

administration of their chapter 11 cases.

6.     A full description of the Debtors' business operations, corporate structures, capital

structures, and reasons for commencing these cases is set forth in full in the Castle Declaration,

which was filed contemporaneously with this Motion and which is incorporated herein by

reference.  Additional facts in support of the specific relief sought herein are set forth below.

2

### III.    Relief Requested

7.      By this Motion, the Debtors seek authority to implement certain procedures as set forth in Exhibit 1 annexed to the Order (the "Case Management Procedures") in connection with the administration of these chapter 11 cases (these "Cases").  The Debtors request that, to the extent the Case Management Procedures conflict with the Bankruptcy Rules or the Local Rules of the United States Bankruptcy Court for the Western District of Virginia (the "Local Bankruptcy Rules"), the Case Management Procedures govern and supersede such rules for these Cases.

8.      As set forth more fully below, the Case Management Procedures: (i) establish requirements for the filing and service of notices, motions, applications, documents filed in support thereof, and objections and responses thereto, (ii) delineate standards for notices of hearing and agendas, (iii) articulate mandatory guidelines for the scheduling of hearings (including periodic omnibus hearings), objection deadlines, reply deadlines and evidentiary hearings, (iv) limit matters that are required to be heard by the Court, (v) authorize electronic service of documents and (vi) authorize the Debtors to establish a website at www.americanlegalclaims.com/xinergy (the "Case Information Website") to provide interested parties with access to certain documents filed in these Cases.

### Case Management Procedures

9.      The Debtors have numerous potential creditors and equity holders who, along with other parties in interest in these Cases, may file requests for service of filings pursuant to Bankruptcy Rule 2002.  The Debtors also expect that numerous motions, applications, objections and other court papers will be filed in these Cases in pursuit of various forms of relief.

10.     Implementing the Case Management Procedures will maximize the efficiency and orderliness of the administration of these Cases and reduce the costs associated with traditional case management procedures.  Approving the Case Management Procedures also will limit the administrative burdens and costs associated with preparing for hearings and serving and mailing documents.  In addition, the Case Management Procedures will assist the Debtors and their personnel and professionals in organizing and prioritizing the numerous tasks attendant to these Cases.  The Debtors estimate that the Case Management Procedures will yield significant savings to these estates and will also avoid unnecessary costs or delays.

11.     As contemplated by the Case Management Procedures, with the advance scheduling of periodic omnibus hearings, all parties in interest – as well as the Debtors – will be better able to plan for and schedule attendance at hearings.  Such forethought will reduce the need for emergency hearings and requests for expedited relief, and will foster consensual resolution of important matters.  Moreover, by directing that certain notices be mailed only to recipients named on a shortened mailing list and those creditors who file a request with the Court to receive such notices, all parties in interest will be assured of receiving appropriate notice of matters affecting their interests and ample opportunity to prepare for and respond to such matters.

12.     Furthermore, a shortened mailing list will significantly reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors' estates and other parties in interest who file documents in these Cases.  Similarly, allowing electronic service of documents to certain parties in accordance with the Case Management Procedures will further reduce the administrative and financial burden on the Debtors' estates, as well as on other serving parties, and will, in many cases, result in more expedient service of documents.

13.     Finally, the Debtors, together with their proposed notice, claims and balloting agent, American Legal Claim Services, LLC ("ALCS")[2], intend to establish a Case Information Website at www.americanlegalclaims.com/xinergy, where, among other things, electronic copies of all pleadings filed in these Cases shall be posted as soon as practicable, but in any event within three business days of filing, and may be viewed free of charge.

14.     As noted above, the Case Management Procedures proposed herein and summarized below are set forth in detail and attached as Exhibit 1 to the Order.  The Case Management Procedures will be (a) distributed to the Core Parties and the 2002 List Parties (as each is defined in the Case Management Procedures) with the *Notice of Commencement of the Chapter 11 Cases*[3] (to save mailing costs) and (b) available at all times by accessing the Case Information Website.  Moreover, the Debtors will redistribute the Case Management Procedures to the 2002 List Parties in the event the Case Management Procedures are modified hereafter.

A.     *Notice Procedures*

15.     Given the administrative cost of mailing notices to all of the Debtors' creditors and parties in interest in the chapter 11 cases, the Debtors request that the mailing matrix for matters requiring notice under Bankruptcy Rule 2002(a)(2)–(6) be limited in accordance with the Case Management Procedures.

16.     The Case Management Procedures shall not affect the Debtors' obligation to give notice to all creditors, parties in interest and, where applicable, equity security holders of (a) the meeting of creditors, (b) the dismissal or conversion of the Debtors' chapter 11 cases to another

---

[2]     Contemporaneously herewith, the Debtors filed with the Court their *Motion of the Debtors and Debtors in Possession for Entry of an Order Appointing American Legal Claim Services, LLC as Claims, Noticing and Balloting Agent*, seeking approval to retain ALCS as notice, claims and balloting agent.

[3]     Contemporaneously herewith, the Debtors filed with the Court the *Motion of the Debtors and Debtors in Possession for Entry of an Order Approving the Form and Manner of Notice of Commencement of the Chapter 11 Cases*.

chapter, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on a disclosure statement and confirmation of a chapter 11 plan or (f) entry of an order confirming a chapter 11 plan. In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006 and 4007.

B.      *Electronic Service*

17.      The Debtors also request that the Court allow electronic service (where applicable) of documents to further reduce the administrative and financial burden of providing notice to the Debtors' creditors and other parties in interest. The Debtors request that the "Notice of Electronic Filing" that is automatically generated by the Court's electronic case filing system be deemed sufficient notice for all registered attorney users. The Case Management Procedures contain provisions that the Debtors believe will ensure that electronic service is efficient and effective.

18.      The Debtors request that the Court permit such electronic service in accordance with (a) Local Bankruptcy Rule 2002-1(D).

19.      Further, the Debtors request that the filing deadlines should not require three additional days' notice as set forth in Rule 6(d) of the Federal Rules of Civil Procedure (indirectly made applicable to contested matters by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005(b)(3)) and Bankruptcy Rule 9006(f)).

C.      *Periodic Omnibus Hearings*

20.      The Debtors respectfully request authorization to schedule, in cooperation with the Court, periodic omnibus hearings (each, an "Omnibus Hearing") at which Motions and other requests for relief shall be heard. At least two days before an Omnibus Hearing, the Debtors shall file with the Court an agenda stating each matter to be heard at such hearing (the

6

"Agenda"), which Agenda may be updated or amended from time to time thereafter to the extent necessary. The matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and certificates of service. The Debtors shall file notices of additional Omnibus Hearing dates on a periodic basis with the Court.

### IV.    Basis for Relief Requested

21.    The Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules provide the Debtors with the authority to establish notice, case management and administrative procedures.

22.    Specifically, section 105 of the Bankruptcy Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Debtors submit that implementing the Case Management Procedures is appropriate in these Cases and well within the Court's equitable powers under section 105 of the Bankruptcy Code.

23.    Furthermore, on the date hereof, the Debtors have moved the Court to enter an order pursuant to Bankruptcy Rule 1015(b) ordering joint administration of the Debtors' estates. Bankruptcy Rule 1015(c) provides, in relevant part, that "[w]hen an order for . . . joint administration of . . . two or more cases is entered pursuant to this rule, while protecting the rights of parties under the Code, the Court may enter orders as may tend to avoid unnecessary costs or delay."

24.    In addition, Bankruptcy Rule 2002 provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders and other parties in interest. The Bankruptcy Rules further provide that the Court "may from time to time enter orders designating the matters in respect to which, the entity to whom and the form of manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When

notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

25.     These Cases will be complicated.  The Debtors' complex businesses operate in an uncertain economic climate that is constantly in flux.  As a result, the demands on the Debtors and their personnel and professionals are great.  In addition to performing their ordinary duties, the Debtors' personnel now carry the substantial additional burdens imposed by these Cases. The Case Management Procedures, by authorizing the Debtors to schedule omnibus hearing dates and by establishing clear timelines for the filing of Court Papers (as defined in the Case Management Procedures), will assist the Debtors' management and professionals (and, indeed, all parties in interest) in organizing their time and directing the attention of their personnel to issues raised by these Cases.

26.     The Debtors anticipate that numerous interested parties may request service of Court Papers in these Cases.  Consequently, the Debtors have requested procedures for the electronic service of Court Papers.  The Debtors submit that the proposed procedures, including deeming the "Notice of Electronic Filing" automatically generated by the Court's CM/ECF System sufficient notice for registered users, are the most efficient, cost-effective method for service.  In particular, to serve the Debtors' numerous creditors, equity holders and/or other parties-in-interest with each Request for Relief (as defined in the Case Management Procedures) could easily cost the Debtors a substantial amount in printing, mailing and service costs.  By comparison, the cost of electronic service is *de minimis*.  Although email is nearly universally available, if a party cannot reasonably obtain access to email, then such party may seek an exemption pursuant to the Case Management Procedures to receive paper copies.  Therefore, no

8

party will be adversely affected by the proposed email service set forth herein.  Considering the

vast number of Court Papers that are likely to be filed and served in these Cases, the process

proposed herein will save these estates significant amounts of money.

27.   The Debtors respectfully submit that adopting the Case Management Procedures

will substantially reduce administrative burdens and result in substantial cost savings to the

Debtors' estates because of the reduction of time and money the Debtors will have to expend.

Pursuant to the Case Management Procedures, hearings shall be conducted only when necessary

to the resolution of disputes between the Debtors and third parties.  This process will reduce the

administrative burdens and costs to the estates associated with preparing for and attending

hearings, and will minimize the burden on the Court.  The Case Management Procedures, by

authorizing the Debtors to maintain a Case Information Website, will also preserve the Debtors'

goodwill by providing a vehicle to keep interested parties, including their customers and

employees, informed of the restructuring process by providing easy and affordable access to

information.

28.   Similar procedures, including service by email, have been approved in other

complex chapter 11 cases by bankruptcy courts in Virginia.  *See, e.g.*, *In re IBCS Mining, Inc.*

Case No. 14-61215 (KRH) (Bankr. W.D. Va. Aug. 25, 2014); *In re James River Coal Co.*, No.

14-31848 (KRH) (Bankr. E.D. Va. Apr. 10, 2014); *In re AMF Bowling Worldwide, Inc.*, Case

No. 12-36495 (KRH) (Bankr. E.D. Va. Nov. 20, 2012); *In re Workflow Mgmt., Inc.*, Case No.

10-74617 (SCS) (Bankr. E.D. Va. Oct. 8, 2010); *In re The Glebe, Inc.*, Case No. 10-71553

(RWK) (Bankr. W.D. Va. July 19, 2010) *In re Bear Island Paper Co., L.L.C.*, Case No. 10-

31202 (DOT) (Bankr. E.D. Va. Feb. 26, 2010); *In re Movie Gallery, Inc.*, Case No. 10-30696

(DOT) (Bankr. E.D. Va. Feb. 8, 2010); *In re Roper Bros. Lumber Co.*, Case No. 09-38215

9

(KRH) (Bankr. E.D. Va. Dec. 22, 2009); *In re S&K Famous Brands, Inc.*, Case No. 09-30805

(KRH) (Bankr. E.D. Va. Feb. 10, 2009); *In re Canal Corp f/k/a Chesapeake Corp.*, Case No. 08-

36642 (DOT) (Bankr. E.D. Va. Dec. 30, 2008); *In re LandAmerica Fin. Grp., Inc.*, Case No. 08-

35994 (KRH) (Bankr. E.D. Va. Nov. 28, 2008); *In re Circuit City Stores, Inc.*, Case No. 08-

35653 (KRH) (Bankr. E.D. Va. Nov. 13, 2008); *In re Movie Gallery, Inc.*, Case No. 07-33849

(DOT) (Bankr. E.D. Va. Oct. 17, 2007); *In re The Rowe Cos.*, Case Nos. 06-11142, 06-11143,

06-11144 (SSM) (Bankr. E.D. Va. Sept. 20, 2006); *In re US Airways, Inc.*, Case No. 04-13819

(SSM) (Bankr. E.D. Va. Sept. 14, 2004).  The Debtors submit that these circumstances warrant

similar relief.

29.     Finally, the Debtors submit that the Case Management Procedures set forth herein

will promote the efficient and orderly administration of these Cases.

## V.      <u>Notice</u>

30.     The Debtors have served notice of the Case Management Motion on (a) the U.S.

Trustee; (b) the attorneys for an informal group of holders of the Debtors' prepetition secured

notes and lenders under the Debtors' postpetition financing; (c) all known creditors holding

secured claims against the Debtors' estates; (d) those creditors holding the 30 largest unsecured

claims against the Debtors' estates on a consolidated basis; (e) the Internal Revenue Service; (f)

the Canadian Revenue Agency; (g) the Securities and Exchange Commission; (h) the Ontario

Securities Commission; and (i) the United States Environmental Protection Agency.

## VI.     <u>No Previous Request</u>

31.     No previous request for the relief sought herein has been made by the Debtors to

this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

DATED: April 6, 2015

Respectfully submitted,

/s/ Henry P. (Toby) Long, III

Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No.77979)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218
Email: tpbrown@hunton.com
        hlong@hunton.com
        jpaget@hunton.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

# SCHEDULE 1

## (Debtor Entities)

| | | | |
|---|---|---|---|
| 1. | Xinergy Ltd. (3697) | 14. | Whitewater Contracting, LLC (7740) |
| 2. | Xinergy Corp. (3865) | 15. | Whitewater Resources, LLC  (9929) |
| 3. | Xinergy Finance (US), Inc. (5692) | 16. | Shenandoah Energy, LLC (6770) |
| 4. | Pinnacle Insurance Group LLC (6851) | 17. | High MAF, LLC (5418) |
| 5. | Xinergy of West Virginia, Inc. (2401) | 18. | Wise Loading Services, LLC (7154) |
| 6. | Xinergy Straight Creek, Inc. (0071) | 19. | Strata Fuels, LLC (1559) |
| 7. | Xinergy Sales, Inc. (8180) | 20. | True Energy, LLC (2894) |
| 8. | Xinergy Land, Inc. (8121) | 21. | Raven Crest Mining, LLC (0122) |
| 9. | Middle Fork Mining, Inc. (1593) | 22. | Brier Creek Coal Company, LLC (9999) |
| 10. | Big Run Mining, Inc. (1585) | 23. | Bull Creek Processing Company, LLC (0894) |
| 11. | Xinergy of Virginia, Inc. (8046) | 24. | Raven Crest Minerals, LLC (7746) |
| 12. | South Fork Coal Company, LLC  (3113) | 25. | Raven Crest Leasing, LLC (7844) |
| 13. | Sewell Mountain Coal Co., LLC (9737) | 26. | Raven Crest Contracting, LLC (7796) |

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **XINERGY LTD.,** *et al.*, | **Case No. 15-[    ] (___)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**ORDER ESTABLISHING CERTAIN NOTICE,**
**CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (the "Order"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c), 2002 and 9007, establishing certain notice, case management and administrative procedures; the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the

---

[1]    The Debtors, along with the last four digits of each Debtor's federal tax identification number, are the entities listed on Schedule 1 attached to the Motion.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

Motion is in the best interest of the Debtors, their estates and creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is hereby GRANTED.

2.      The Case Management Procedures as set forth in Exhibit 1 attached hereto are approved in all respects and shall govern all aspects of these Cases, except as otherwise ordered by the Court.

3.      To the extent the Case Management Procedures conflict with the Bankruptcy Code, Bankruptcy Rules or Local Bankruptcy Rules, the Case Management Procedures govern and supersede and shall apply to these Cases.

4.      Nothing herein or in the Case Management Procedures shall affect the Debtors' obligation to give notice to all creditors, parties in interest and, where applicable, equity security holders of (a) the meeting of creditors, (b) the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on a disclosure statement and the confirmation of a chapter 11 plan or (f) entry of an order confirming a chapter 11 plan. In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006 and 4007.

5.      The Debtors, in cooperation with American Legal Claim Services, LLC, are hereby authorized to create and maintain an independent Case Information Website at www.americanlegalclaims.com/xinergy for the posting of certain information regarding these

2

Cases, including, in the Debtors' sole discretion, certain orders, decisions or other Court Papers filed in these Cases.  The court's website at www.vawb.uscourts.gov may include a link to the Case Information Website.

6.     Notice and service accomplished in accordance with the provisions set forth in this Order shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the General Orders of this Court.

7.     Notice of the Motion as provided therein shall be deemed good and sufficient notice.

8.     Notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.     All time periods set forth in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.     This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

11.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

Dated:_____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: _____

WE ASK FOR THIS:

/s/ Henry P. (Toby) Long, III
Tyler P. Brown, Esquire (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel:  (804) 788-8200
Fax:  (804) 788-8218

*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT 1 TO EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| In re: | **Chapter 11** |
| **XINERGY LTD.**, *et al.*, | **Case No. 15-[    ] (___)** |
| | **(Jointly Administered)** |
| **Debtors.**[1] | |

## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

These notice, case management and administrative procedures (the **"Case Management Procedures"**) have been approved by the United States Bankruptcy Court for the Western District of Virginia (the "Court") for the chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to the *Motion of the Debtors and Debtors in Possession for Entry of an Order Establishing Certain Notice, Case Management and Administrative Procedures* (the "Motion")[2]. On _____, 2015, the Court entered an order (the "Order") approving these Case Management Procedures.

To the extent the Case Management Procedures conflict with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the Western District of Virginia (the "Local Rules"), the Case Management Procedures govern and supersede and shall apply to these Cases.

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are the entities listed on Schedule 1 attached to the Motion.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

## I.    Document Requests and Access to Documents.

1.    American Legal Claim Services, LLC ("ALCS") the Debtors' proposed notice, claims and balloting agent, maintains a case-specific website at *www.americanlegalclaims.com/xinergy* (the "Case Information Website"), where, among other things, electronic copies of all pleadings filed in the chapter 11 cases shall be posted as soon as practicable, but not later than within 3 business days of filing, and may be viewed free of charge. Additionally, electronic copies of all pleadings and documents are available for a fee via PACER on the Court's website at *http://www.vawb.uscourts.gov* (the "Court's Website").[3]  Finally, paper copies of all pleadings filed in the chapter 11 cases may be available from the Court.

## II.    Filing and Notice Procedures.

2.    Procedures Established for Notices.  All motions, applications and other matters requiring notice and/or a hearing (collectively, the "Requests for Relief"), all objections and responses to such Requests for Relief (the "Objections"), all replies to such Objections (the "Replies") and all other documents filed with the Court (and together with the Requests for Relief, the Objections and the Replies, the "Court Papers") shall be filed with the Court or other applicable court and served in accordance with the procedures set forth herein.

3.    Entities Entitled to Service.  Court Papers shall be served on the Core Parties, the 2002 List Parties and any Affected Entity (each as defined herein) according to the procedures set forth herein.  A Court Paper is deemed not to have been properly served until served, at a minimum, on all of the Core Parties.

a.    Core Parties.  The following entities shall comprise the core group of entities in the Debtors' chapter 11 cases (collectively, the "**Core Parties**"):

---

[3]    A PACER login and password are needed to file documents on the ECF System and can be obtained at *www.pacer.gov*.

(i)      proposed counsel to the Debtors,
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Attn:   Tyler P. Brown
Email: tpbrown@hunton.com;

(ii)     the Office of the United States Trustee for the Western District of
Virginia (the "U.S. Trustee"),
First Campbell Square Building
210 First Street, SW
Suite 505
Roanoke, VA 24011
Attn:   Margaret Garber
Email: Margaret.K.Garber@usdoj.gov;

(iii)    the attorneys for any official committee of unsecured creditors then
appointed in these cases (the "Creditors' Committee")[4];

(iv)    the Debtors' proposed authorized notice, claims and balloting
agent,
American Legal Claim Services, LLC
P.O. Box 23650
Attn:   Jeffrey Pirrung
Email: jeff.pirrung@americanlegalclaims.com

and

(v)     the attorneys for an informal group of holders of the Debtors'
prepetition secured notes and lenders under the Debtors'
postpetition financing,
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064
Attn:   Brian S. Hermann
Andrew Rosenberg
Email: bhermann@paulweiss.com
arosenberg@paulweiss.com

-and-

Kutak Rock LLP

---

[4]    Before the appointment of the Creditors' Committee and its counsel, service shall be made upon the holders
of the Debtors' consolidated 30 largest unsecured claims on a consolidated basis.

Bank of America Center
1111 East Main Street, Suite 800, Richmond, VA 23219
Attn:   Peter J. Barrett
Email: peter.barrett@kutakrock.com

b.  2002 List.  This group (the "2002 List Parties") shall be comprised of all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002.

(i)  Filing Requests for Documents Requires Email Address.  A request for service of papers pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it includes the following information with respect to the party filing such request: (A) name; (B) street address; (C) name of client(s), if applicable; (D) telephone number; (E) facsimile number; and (F) email address.  A 2002 Notice Request that contains more than one name with respect to the party filing such request must contain the information listed in clauses (B) through (F) of the previous sentence with respect to such additional names in order for additional individuals to receive service on behalf of the filing party.

(ii)  Certification Opting Out of Email Service.  Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (the "Certification"), which Certification shall be served by such party by U.S. mail, overnight delivery, facsimile or hand delivery to proposed counsel to the Debtors.  The Certification shall include a statement certifying that the individual or entity (A) does not maintain an email address and (B) cannot practicably obtain an email address at which the individual or entity could receive service by email.  If a 2002 Notice Request fails to include an email address and a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five business days specifically requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List (as defined below) and shall not be served with copies of pleadings and documents filed in the chapter 11 cases unless such pleadings and/or documents directly affect such party.

(iii)  2002 Notice List.  The Debtors or ALCS shall be responsible for maintaining an updated list of those who have submitted a proper 2002 Notice Request (the "2002 List"). It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes to

4

any information, including email address and contact person, and serve a copy of such request upon the Debtors.

   c.   <u>Affected Entity</u>.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Paper (each, an "<u>Affected Entity</u>").

4.   <u>Service List</u>.  The Debtors shall maintain a service list of all Core Parties and 2002 List Parties (the "<u>Service List</u>"), which shall be updated as necessary and shall include names, addresses, facsimile numbers and email addresses for the Core Parties and 2002 List Parties.  At least once every 30 days, an updated Service List shall be posted on the Case Information Website and served upon on all parties included thereon.  A Court Paper shall be deemed served on all Core Parties and the 2002 List Parties if it is served on the parties on the most recent Service List that has been posted on the Case Information Website as of the day prior to the date of service.

5.   Except as set forth herein or otherwise provided by order of the Court, the procedures herein shall not supersede the requirements for notice of the matters or proceedings described in the following Bankruptcy Rules:

   a.   Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

   b.   Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

   c.   Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

   d.   Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

   e.   Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

   f.   Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

   g.   Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

    h.   Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

    i.   Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

    j.   Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

    k.   Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

6.     <u>Notice a Matter for Hearing</u>.   Parties should consult the Local Bankruptcy regarding the form and content of notices and visit the Court's Website for more information.

7.     <u>Certificates of Service</u>.   Within seven days of filing of any Court Paper, the filing party shall file with the Court either an affidavit of service or a certification of service (each, a "<u>Certificate of Service</u>") annexing the list of parties that received notice; *provided*, *however*, that if the list of parties that received notice of such Certificate of Service is the Service List, the filing party shall not be required to annex a list of parties to such Certificate of Service and need only indicate that the Certificate of Service was filed on the Service List.   A Certificate of Service shall indicate the method of service, but shall not include an individual's home address. Certificates of Service need not be served on any party.

8.     <u>Serving Adversary Proceedings</u>.   All pleadings and other Court filings in any adversary proceeding commenced in the chapter 11 cases shall be served upon the Core Parties, each Affected Entity and any other entities required to be served under any applicable Bankruptcy Rule or Local Bankruptcy Rule.

## III.   Service by Electronic Means.

9.     <u>Service by Electronic Mail</u>.   All parties shall be authorized to serve all Court Papers on Core Parties, the 2002 List Parties and, if applicable, Affected Entities by electronic mail, which shall be deemed to constitute proper service for all parties who are sent such

6

electronic mail and be effective as of the date such Court Paper is posted on the Court's

electronic filing system (the "ECF System"); *provided* that (i) any individual or entity that filed a

Certification in accordance with these Case Management Procedures shall be served at the

address indicated on such entity's Certification and (ii) any Affected Entity whose email address

is then unknown shall be served at the physical address known for such entity, in each case by

U.S. mail, overnight delivery, hand delivery or facsimile, in the sole discretion of the serving

party. The "Notice of Electronic Filing" that is automatically generated by the Court's ECF

System shall constitute service by electronic mail for those parties who are or whose agents are

registered attorney users of the Court's ECF System. Therefore, a party filing a Court Paper that

is served on registered attorney users via the Court's ECF System has no further obligation for

service of such Court Paper with respect to such entities to be proper.

10.     Electronic Attachment of Files.  All Court Papers served by electronic mail shall

include access to an attached file or files containing the entire Court Paper, including the

proposed form of order and any exhibits, attachments and other relevant materials, in PDF

format, or a link to a page on the Case Information Website where the entire Court Paper is

available to be viewed. Notwithstanding the foregoing, if a Court Paper cannot be annexed to an

email (because of size, technical difficulties or otherwise), the serving party shall, in its sole

discretion, either (a) serve the entire Court Paper by U.S. mail, hand delivery, overnight delivery

or facsimile, including the proposed form of order and any exhibits, attachments and other

relevant materials or (b) electronically mail a notice stating that the Court Paper cannot be

attached but is available on the Court's ECF System (and, if the Court Paper is being served by

the Debtors, on the Case Information Website) and will be mailed only if requested by the party

receiving the notice.

11.     <u>Effective Date of Service</u>.  Service by electronic mail on a party shall be effective as of the earlier of (i) the date the Court Paper (or a notice stating that the Court Paper cannot be attached but is available on the Court's ECF System or the Case Information Website) is transmitted by email to the address provided by such party or (ii) the date the Court Paper is posted on the Court's ECF System where service on such entity via the Court's ECF System is proper under these Case Management Procedures.

12.     The filing deadlines set forth in these Case Management Procedures do not require three additional days' notice as set forth in Rule 6(d) of the Federal Rules of Civil Procedure (made applicable to contested matters indirectly by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005) and Bankruptcy Rule 9006(f) when a document is served by electronic mail or other means, including service via the Court's ECF System.

13.     <u>Identification of Attorney</u>.  On the first page of every Court Paper, the attorney filing the same shall be identified by name, state bar number, complete mailing address, telephone number and the name of the party whom the attorney represents.

**IV.    Omnibus Hearing Dates.**

14.     <u>First Omnibus Hearings</u>.  The Court has set the following dates and times (all prevailing Eastern Time) as the next omnibus hearings (each, an "**Omnibus Hearing**"):

     a.   _____, 2015, at __:__ _.m.;

     b.   _____, 2015, at __:__ _.m.;

     c.   _____, 2015, at __:__ _.m.;

     d.   _____, 2015, at __:__ _.m.; and

     e.   _____, 2015, at __:__ _.m.

8

15.    <u>Future Omnibus Hearings</u>.    The Debtors shall be authorized to schedule, in cooperation with the Court, future Omnibus Hearings at which Requests for Relief shall be heard.  The Debtors shall file notices of additional Omnibus Hearing dates on a periodic basis with the Court.  For information concerning future Omnibus Hearings that have been scheduled by the Court, entities may contact ALCS at P.O. Box 23650, Jacksonville, FL, Attn:  Jeffrey Pirrung  or  Clerk  of  the  Bankruptcy  Court  for  the  Western  District  of  Virginia  at  the Commonwealth of Virginia Building, 210 Church Avenue, Room 200, Roanoke, VA 24011 or by visiting the Court's Website.

16.    All matters requiring a hearing in these Cases shall be set forth and be heard on an Omnibus Hearing unless otherwise ordered by the Court for good reason shown, in accordance with the following:

a.    In the event that a party files a Request for Relief at least 21 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing, and the deadline to file an Objection (the "<u>Objection Deadline</u>") to such Request for Relief shall be seven calendar days prior to the Omnibus Hearing; *provided, however*, that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

b.    In the event that a party files a Request for Relief less than 21 calendar days but at least 14 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing, and the deadline to file an Objection to such Request for Relief shall be three calendar days prior to the Omnibus Hearing; *provided, however*, that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

c.    The Objection Deadline may be extended with the consent of the movant or applicant, without leave from the Court.  No Objection shall be considered timely unless filed with the Court and properly served on or before the applicable Objection Deadline.

    d.    If an Objection is filed, then unless otherwise ordered by the Court, any reply, including any joinders or statements in support of such Objection, shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (prevailing Eastern Time) on the date that is one calendar day before the date of the applicable hearing (the "<u>Reply Deadline</u>").  Any joinder or statement of support of a Request for Relief shall be filed with the Court and served in accordance with these Case Management Procedures on or before the Reply Deadline, which may be extended solely with respect to any such joinder or statement of support with the consent of the movant or applicant, without further Court action.

17.    <u>Procedures Regarding the Omnibus Hearings</u>.  Unless otherwise ordered by this Court, the following procedures shall apply to all Omnibus Hearings:

    a.    Requests for Relief shall not be considered by the Court unless filed and served in accordance with these Case Management Procedures at least 14 days before the next available Omnibus Hearing.

    b.    Except as specifically set forth herein, all notice periods for Requests for Relief shall be computed in accordance with the Bankruptcy Rules and Local Bankruptcy Rules and nothing in these Case Management Procedures shall be deemed to change such requirements.

    c.    Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a Request for Relief upon shortened notice, to seek expedited hearings, where appropriate, or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

    d.    Any notice of an Omnibus Hearing shall conspicuously contain, on the first page of such notice, the date and time that the hearing will be held.

    e.    If a party intends to present a proposed order at the Omnibus Hearing different from the proposed order attached to such party's Request for Relief, the Debtors' counsel, if aware of such party's intention, shall state on the Agenda (as defined below) that a different proposed order will be presented for entry.

    f.    Unless the Court orders otherwise, the Debtors' counsel may, without further leave of the Court, (i) adjourn any hearing on a Request for Relief filed by the Debtors to a subsequent Omnibus Hearing, and (ii) adjourn any hearing on a Request for Relief not filed by the Debtors to a subsequent Omnibus Hearing together with any party that filed the Request for Relief.

g.      Unless the Court directs otherwise, the Debtors' attorneys may set a hearing on a Court Paper on a date other than the next Omnibus Hearing date, without the necessity of a Court order, if (i) the Court Paper purports to set a hearing date that is inconsistent with these Case Management Procedures or (ii) the Debtors in good faith believe that the hearing on the Court Paper could exceed one hour; *provided*, in each case that the Debtors shall provide the movant with notice of these Case Management Procedures and the scheduled hearing date as soon as reasonably practicable.

h.      Upon request, the Court may allow counsel to listen to or participate in any hearing by telephone.

18.      <u>Proposed Omnibus Hearing Agenda</u>.  No later than two days before an Omnibus Hearing, the Debtors shall file with the Court an agenda stating each matter to be heard at such hearing (the "<u>Agenda</u>"), which Agenda may be updated or amended from time to time thereafter to the extent necessary.  The Agenda shall include, to the extent known by the Debtors' counsel: (i) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies or documents related thereto; (ii) whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court; and (v) a suggestion for the order in which the matters should be addressed.  The matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and Certificates of Service.

19.      <u>Granting the Request for Relief Without a Hearing</u>.  A Request for Relief may be granted without a hearing, *provided* that (i) the notice filed with the Request for Relief includes a statement that the Request for Relief may be granted and an order entered without a hearing unless a timely Objection is filed and (ii) after the passage of the Objection Deadline, the attorney for the entity who filed the Request for Relief (a) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these

11

Case Management Procedures (each, a "<u>Certificate of No Objection</u>") and (b) if the entity who filed the Request for Relief is not the Debtor, serves a Certificate of No Objection by electronic mail upon the proposed counsel to the Debtors at least one day prior to submission thereof to the Court.  Upon the filing of a Certificate of No Objection, the Court may grant the relief requested in the Request for Relief without further submission, hearing or request.  If the Court does not grant the relief, (x) the Request for Relief shall be heard at the next scheduled Omnibus Hearing and (y) the decision not to grant the relief shall not constitute an extension of the Objection Deadline related thereto, unless otherwise agreed between the party seeking relief and a party seeking to object.

20.    <u>Service of Proposed Orders</u>.  A proponent of any Request for Relief need only serve an order granting such relief on the Core Parties, 2002 List Parties and any Affected Entity no later than five business days after such order was entered, and no list of parties who are to receive notice of entry of such proposed order need be submitted with the proposed order.

21.    <u>No Bridge Order Necessary</u>.  If a motion to extend the time for the Debtors to take any action is filed consistent with these Case Management Procedures before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, such time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

**V.    Foreign Attorneys.**

22.    <u>Local Rules</u>.  All attorneys shall carefully review the Local Bankruptcy Rules regarding the procedure for appearing and practicing before the Court, which are available on the Court's Website.

**VI.      Motions for Relief from the Automatic Stay.**

23.      Notwithstanding anything contained herein, motions for relief from the automatic stay filed by parties other than the Debtors pursuant to section 362 of the Bankruptcy Code shall be noticed for a preliminary hearing at an Omnibus Hearing that is at least 21 days after such motion is filed and served, and the Objection Deadline for such motion shall be three days before such scheduled hearing.

24.      The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Debtors.  Notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled motion with respect to a request for relief by a party other than the Debtors under section 362(d) of the Bankruptcy Code is adjourned upon the consent of the Debtors and the moving party to a date that is on or after the 30th day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a preliminary hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.  The Court may continue the effectiveness of the automatic stay until a final hearing on the matter.  Nothing in this section shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

**VII.     Settlements.**

25.      In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute before the hearing, the parties may announce the settlement at such hearing.  In the event the Court determines that the notice of the dispute and the hearing constitutes adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from those that parties in interest could have expected if

the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines at the hearing that additional or supplemental notice of the settlement is required, the parties shall serve such notice in accordance with these Case Management Procedures set forth herein, and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

## VIII.  Notice of Order.

26.    The Debtors shall make these Case Management Procedures available on the Case Information Website and, within three days after its entry, serve it by U.S. mail, hand delivery, facsimile or email on the Core Parties and all parties that, prior to the date of the entry of the Order, have requested notice pursuant to Bankruptcy Rule 2002.

## IX.    Compliance with Procedures Is Adequate.

27.    Notice and service accomplished in accordance with the provisions set forth in these Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.