FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| XINERGY LTD., *et. al.* | ) | Case No: 15-70444 |
| | ) | Chapter 11 |
| Debtors, | ) | |
| _____ | ) | Administratively Combined |
| | ) | |
| Pamela Myles, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| XINGERY LTD., | ) | |
| XINERGY CORP., | ) | |
| XINERGY OF WEST VIRGINIA, INC., | ) | |
| SOUTH FORK COAL COMPANY, LLC, | ) | |
| SHENENDOAH ENERGY, LLC, | ) | |
| RAVEN CREST MINING, LLC, | ) | |
| RAVEN CREST MINERALS, LLC | ) | |
| RAVEN CREST LEASING, LLC, and | ) | |
| RAVEN CREST CONTRACTING, LLC, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**MOTION OF PAMELA MYLES FOR ENTRY OF ORDER
<u>LIFTING THE AUTOMATIC STAY OF WEST VIRGINIA LEGAL ACTION FOR
CAUSE</u>**

Now comes Pamela Myles ("Ms. Myles"), plaintiff in the sexual harassment legal action styled as *Pamela Myles v. Xinergy Ltd., Xinergy Corp., Xinergy of West Virginia, Inc., Raven Crest Mining, LLC, Raven Crest Leasing, LLC, Raven Crest Contracting, LLC, Raven Crest Minerals, LLC, South Fork Coal Company, LLC, Shenendoah Energy, LLC, Jack Hagewood, Gregory ("Bernie") Mason, Jack Easter, Les Hensley, and Bobby E. Hypes, Jr.,* Civil Action No. 15-C-631, Circuit Court of Kanawha County, West Virginia (hereafter "the West Virginia

Legal Action"), and moves this Court pursuant to 11 U.S.C. §362(d)(1) to enter an Order lifting the automatic stay of the West Virginia Legal Action to allow her to first seek recovery from available insurance coverage in the amount of ten million U.S. dollars ($10,000,00.00) to satisfy her claims against the named debtors herein, and to file proofs of claim with respect to any balance of her claims against the named debtors. In support of her Motion, Ms. Myles states the following grounds:

1. This Court has jurisdiction to hear and determine this motion pursuant to 28 U.S.C. § 1334, and this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

2. Venue of this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested is 11 U.S.C. § 362(d).

4. On April 6, 2015 (the "Petition Date"), Xinergy, LTD. *et al.*, ("Xinergy" or the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Virginia (the "Court").

5. No trustee or examiner has been appointed in this case. The Debtor continues to possess its property as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. On March 30, 2015, Ms. Myles filed the West Virginia Legal Action in the Circuit Court of Kanawha County, West Virginia, against:

(a) Xinergy Ltd., Xinergy Corp., Xinergy of West Virginia, Inc., Raven Crest Mining, LLC, Raven Crest Leasing, LLC, Raven Crest Contracting, LLC, Raven Crest Minerals, LLC, South Fork Coal Company, LLC, Shenendoah Energy, LLC (all of whom are named Debtors herein and whom hereafter are referred to as the "Debtor Defendants"); and

(b)     Jack Hagewood, Gregory Mason, Jack Easter, Les Hensley and Bobby E. Hypes, Jr. (against whom Ms. Myles has asserted individual claims of liability and none of whom have filed for bankruptcy (the "Individual Defendants")).

As set forth in the Complaint, filed herewith as Exhibit A, Ms. Myles's claims are brought <u>exclusively pursuant to West Virginia law</u> and are based upon egregious sexual harassment she experienced during her employment.

7.     On April 6, 2015, the Debtor Defendants filed Chapter 11 bankruptcy in this Court in the Western District of Virginia.  As a result of the bankruptcy filing, an automatic stay of the West Virginia Legal Action became effective pursuant to 11 U.S.C. §362(a).

8.     "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under [Section 362(a)] such as by terminating, annulling, modifying, or conditioning such stay— (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;" 11 U.S.C. §362(d)(1).  With respect to pending litigation, courts have adopted a three-prong test for determining whether the automatic stay should be lifted for cause.  The factors are: (1) whether any great prejudice to either the bankruptcy estate or the debtor will result from the prosecution of the lawsuit; (2) whether the hardship to the non-debtor party by continuation of the automatic stay considerably outweighs the hardship to the debtor; and (3) whether the creditor has a probability of success on the merits of her case.  *In Re Robertson,* 244 B.R. 880 (N.D. Ga. 2000) (citations omitted).

9.     In the present case, these factors weigh in favor of lifting the automatic stay, because no prejudice will result to the bankruptcy estate or the Debtor Defendants from the prosecution of the West Virginia Legal Action in the Circuit Court of Kanawha County. Specifically, the bankruptcy estate is not likely to suffer any consequence, because the Debtor

Defendants are each insured by an Executive Edge Broad Form Management Liability Insurance Policy, Policy # 01-406-13-68, issued by AIG Insurance Company of Canada in the amount of ten million U.S. dollars ($10,000,000.00) (hereafter the "AIG Policy"). *See* AIG Policy and declarations page filed herewith as Exhibit B. Ms. Myles expects that the $10,000,000.00 AIG Policy will be more than sufficient to pay a jury verdict in her favor. Should any verdict exceed the AIG Policy limits or should any balance remain after applying the available coverage, Ms. Myles requests to be permitted to file proofs of claim with this Court to protect her interests.

Where liability insurance exists, the Courts have routinely found that litigation may proceed. *See e.g., Foust v. Munson S.S. Lines,* 299 U.S. 77, 87–88 (1936) ("bankruptcy injunction" should have been lifted to permit wrongful death suit to go forward since claimant was only interested in establishing liability under insurance policy and since reorganization proceeding was not adversely affected); *In Re Robertson,* 244 B.R. 880 (N.D. Ga. 2000) (where debtor was insured and insurer bore litigation costs, neither the estate nor debtor would suffer and case could proceed); *Elliott v. Hardison,* 25 B.R. 305, 308 (E.D.Va.1982) (cause "might include the lack of any connection with or interference with the pending bankruptcy case."); *Matter of Fernstrom *883 Storage and Van Co.,* 938 F.2d 731, 736 (7th Cir. 1991) (court affirmed bankruptcy court's decision to lift stay to permit action to proceed in another forum reasoning that the "debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors"); *Holtkamp v. Littlefield (Matter of Holtkamp),* 669 F.2d 505, 508 (7th Cir.1982) (stay lifted to allow civil action to go forward since bankruptcy estate not jeopardized, as insurer assumed full financial responsibility for defending the litigation); *In re Adolf Gobel, Inc.,* 89 F.2d 171, 172 (2d Cir.1937) (permitting claimant to liquidate his claim

in state court "will preserve the added assurance afforded by the debtor's liability insurance that the claim will be paid if established by judgment" and will not hinder the reorganization process).

10.     The second factor likewise weighs in favor of lifting the automatic stay of the West Virginia Legal Action.  Ms. Myles would be substantially prejudiced if she were not permitted to make claims against all of the West Virginia Legal Action defendants in one forum, which defendants will be provided a defense and insurance coverage under the AIG Policy – and that policy is believed to be sufficient to cover her claims.    Further, Ms. Myles should be permitted to pursue her individual claims against the Individual Defendants, as those claims are independent legal claims under West Virginia law and are not contingent upon the success of Ms. Myles's separate claims against the Debtor Defendants.[1] Judicial resources would be preserved by allowing the West Virginia Legal Action to proceed because the alleged actions occurred in that local area. Requiring Ms. Myles to pursue her tort claims in this Court would make the prosecution of her case more costly and difficult.

---

[1] West Virginia law permits separate and independent recovery against persons who aid and abet sexual harassment.  W.Va. Code Section 5-11-9(7)(a).  In February of 2014, Ms. Myles reported to [Individual Defendant] Bobby Hypes, Jr. that [Individual Defendant] Jack Hagewood had shown her a photo of his penis on his cell phone and that Hagewood had made her feel uncomfortable.   Hypes reported the matter to the highest official at Xinergy, [Individual Defendant] Gregory ("Bernie") Mason.   Although Mason testified that he believed Hypes and what Hypes had reported to him to be true, Mason did nothing for months. He did not bother to speak with Hagewood or Ms. Myles.   In the meantime, Hagewood was permitted to continue to prey upon women in the workplace. Hagewood subsequently masturbated in the presence of Ms. Myles and masturbated in the presence of other females.   Hagewood eventually assaulted a female in July, and it was only then that Mason took any action to investigate his conduct and suggested to Hagewood that he resign.   Similarly, Individual Defendants Jack Easter and Les Hensley had received earlier reports from another female that Hagewood was exposing himself; however, they also failed to take any action.

Conversely, the Debtor Defendants would suffer no additional prejudice by allowing the matter to proceed.  Ms. Myles's claims must be liquidated ultimately–either in the Circuit Court of Kanawha County, West Virginia or in this Court.   Logically, the matter should proceed to be liquidated in the Circuit Court of Kanawha County for, among other reasons, the following: (a) the Circuit Court is more familiar with <u>West Virginia law (upon which Ms. Myles's claims are based)</u>; (b) employment counsel in Kanawha County has already been retained by the insurance carrier to defend the matter; (c) Individual Defendants Jack Hagewood and Bobby E. Hypes, Jr. reside in Kanawha County; (d) all of the Debtor Defendants conduct business in Kanawha County;[2] and (e) Defendants Jack Easter and Les Hensley live within neighboring counties of Kanawha County and within an hour drive of Kanawha County. Judicial economy will be preserved by allowing the West Virginia Legal Action to continue with all of the defendants.

11.     Finally, as to the third factor, Ms. Myles has a high probability of succeeding on her claims, because the Debtor Defendants are strictly liable for the egregious conduct of their supervisor, Jack Hagewood under West Virginia law. *See Hanlon v. Chambers*, 464 S.E.2d 741, 750 (W.Va. 1995) ("Where an agent or supervisor of an employer has caused, contributed to, or acquiesced in the harassment, then such conduct is attributed to the employer, and it can be fairly said that the employer is strictly liable for the damages that result.").

WHEREFORE, for the reasons set forth herein, Ms. Myles moves this Court to (i) enter an Order lifting the automatic stay against Debtor Defendants, which bars the continuation of the West Virginia Legal Action; (ii) excepting the grant of relief from the stay of Bankr.R.

---

[2] As alleged in the Complaint, the Debtor Defendants comprise an integrated entity.   Moreover, at least the five Raven Crest Debtor Defendants are all part of a mine situate in Boone and Kanawha Counties, West Virginia.

4001(a)(3); and (iii) for such other and further relief as is just and proper. Ms. Myles has attached hereto as Exhibit C a proposed Order for entry.

/s/Phillip R. Lingafelt
Phillip R. Lingafelt, Esquire (VSB#29229)
Mark E. Feldmann, Esquire (VSB#13259)
GLENN, FELDMANN, DARBY & GOODLATTE
37 Campbell Ave. SW
Post Office Box 2887
Roanoke, Virginia  24011
Telephone:  (540) 224-8000
Facsimile:   (540) 224-8050
plingafelt@glennfeldmann.com
    *Local Counsel for Pamela Myles*

/s/ Maria W. Hughes
Maria W. Hughes, Esq. (WV Bar No. 7298)
HUGHES & GOLDNER, PLLC
P.O. Box 11662
Charleston, WV 25339
(304) 400-4816
(304) 205-7729 facsimile
maria@wvemploymentrights.com
    *Admitted Pro Hac Vice for Pamela Myles*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2015, I electronically filed the foregoing Motion of Pamela Myles for entry of Order Lifting the Automatic Stay of West Virginia Legal Action for Cause, pursuant to Local Rule 2002-1(D) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tyler P. Brown, Esquire, of Hunton & Williams LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219, counsel for the Debtors; Margaret K. Garber, Esquire, Assistant United States Trustee, Office of the United States Trustee, First Campbell Square, 210 First Street, S.W., Suite 505, Roanoke, Virginia 24011, and to all other CM/ECF participants of record in this case and to the Clerk of the United States Bankruptcy Court for the Western District of Virginia, and served a copy of the foregoing Motion via first class mail, postage pre-

paid, to American Legal Claim Services, LLC, at P. O. Box 23650, Jacksonville, Florida 32241, and Paul, Weiss Rifkind, Wharton & Garrison at 1285 Avenue of Americas, New York, NY 10019-6064, and each entity listed in the list of creditors holding twenty largest unsecured claims as listed in the Debtors' bankruptcy petition (list attached).

/s/ Phillip R. Lingafelt

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## AS NOTED IN XINERGY, LTD.'S BANKRUPTCY PETITION ON APRIL 6, 2015

| | |
|---|---|
| VIRGINIA DRILLING COMPANY, LLC<br>Virginia Drilling<br>PO Box 1198<br>Vansant, VA 24656 | CECIL I. WALKER MACHINERY CO.<br>Walker Machinery<br>1400 E. DuPont Ave<br>Belle, WV 25105 |
| WPP LLC<br>5260 Irwin Road<br>Huntington, WV 25705 | PENN VIRGINIA OPERATING CO., LLC<br>One Carbon Center, Suite 100<br>Chesapeake, WV 25315 |
| CASSELS BROCK & BLACKWELL LLP<br>Scotia Plaza, Suite 2100<br>40 King Street West<br>Toronto, ON M5H 3C2 | C&M GIANT TIRE, LLC<br>980 W. New Circle Rd.<br>Lexington, KY 40511 |
| L. ADKINS OIL<br>P.O. Box 190<br>Craigsville, WV 26205 | WHAYNE SUPPLY COMPANY<br>2200 South Kentucky Ave.<br>Corbin, KY 40701 |
| BRAKE SUPPLY CO., INC.<br>4280 Paysphere Circle<br>Chicago, IL 60674 | SECURITY AMERICA, INC.<br>P. O. Box 4525<br>Charleston, WV 25364 |
| HARVEY TRUCKING INC.<br>5383 Ashford Nellis Road<br>Ashford, WV 25009 | M.G.C., INCORPORATED<br>M.G.C. Supply, Inc.<br>P. O. Box 115<br>Bolt, WV 25817-0115 |
| THE DANIELS COMPANY<br>P.O. Box 643951<br>Pittsburgh, PA 15264-3951 | AMERICAN EXPRESS<br>P.O. Box 650448<br>Dallas, TX 75265 |
| JONES & ASSOCIATE<br>P. O. Box 1989<br>Charleston, WV 25327 | MECURIA ENERGY TRADING INC.<br>20 East Greenway Plaza, Suite 650<br>Houston, TX 77046 |
| APPALACHIAN POWER COMPANY<br>1 AEP Way<br>Hurricane, WV 25526 | WISE COUNTY TREASURER<br>P. O. Box 1308<br>Wise, VA 24293-1308 |
| MOULDAGRAPH CORPORATION<br>P.O. Box 99<br>Nitro, WV 25143 | MALLARD ENVIRONMENTAL SERVICES<br>P. O. Box 1298<br>Shady Spring, WV 25918-1298 |